Bissell, J.,
delivered the opinion of the court.
A brief statement of the facts will make plain this controversy. In October, 1892, Mrs. Ramer was the lessee and proprietor of the Tedmon House in Fort Collins. A little while before the day of the sale, L. A. Smith, who is the husband of the other coplaintiff, entered into negotiations with Mrs. Ramer’s husband with reference to the purchase of the lease, good will, and furniture in the house. They culminated in a purchase. The consideration was $500 in cash, and $1,000, evidenced by ten promissory notes maturing at regular intervals. At the time of the sale, Post, the agent of the hotel, went through the house with his inventory to see whether there still remained in the building what had been leased with the house to Mrs. Ramer. Smith’s evidence shows that within a dajr or two of the time when he took possession, he was advised by Post of the extent of the lessor’s claims. Smith gave a good deal of evidence respecting Ramer’s representations concerning what belonged to him, and the difference between what he got and what Ramer said his wife owned. It is not quite clear, though reasonably certain, that he had this information before the execution of the notes. If he did not, he had it immediately afterwards. The Smiths, however, remained in possession, and were in possession at the time of the bringing of the various suits, which will be' referred to, and at the time this action was brought in the ensuing year. No offer had been made to cancel the trade or restore the goods, or put the parties back into their original condition. The sale included not only part of the stuff in the hotel, but the lease and good will, and the Smiths' received the benefit of sundry repairs which had been put on the place by Mrs. Ramer, and for which a monthly credit or rebate was given on the rent account. The notes were not paid at maturity, and Mrs. Ramer commenced suit on some of the notes. When the case reached the county court, the Smiths attempted to defend b}^ an assertion of a counterclaim growing out of the transactions. There were some legal *179 obstacles to tbe practice, and the litigation ultimately came to this court. It is wholly unnecessary to refer to that litigation, since the principle of it is not involved here. After-wards, this suit was brought in the county court. Its basis is not easily understood. The complaint proceeds to state the transaction, alleges the false representations, and the reliance placed on them by the plaintiffs, the inducements which they were to the trade, and alleges that on account of it the consideration had wholly failed; sets up the institution of three suits, and then prays that Mrs. Ramer’s claim may be adjudged satisfied, and that she may be ordered to surrender the notes for cancellation.
The complaint was not happily conceived for the purpose of securing anj’- relief. It could hardly be deemed other than an action to rescind the contract, in which event the complaint was wholly insufficient to justify a judgment in the plaintiffs’ favor. There was no allegation that there had been an offer to restore the goods or put the parties in statu quo. If the action is to be treated as an action for rescission, on the ground of a total failure of consideration, it is wholly unsupported by the testimony. The plaintiffs got the lease, were regarded as tenants by the landlord, received the benefit of the rebate on the rental, which came from the repairs put on the house by Mrs. Ramer, and certainly got a part, and a very considerable part of the property which Smith supposed he bought when he made the trade with Ramer. This shows that there was no such total failure of consideration as entitled the party to maintain this kind of an action. We do not undertake to say, if the consideration had partially failed, and the plaintiffs were able to sustain their allegations of fraud and misrepresentations to the satisfaction of the jury, they were not entitled to some relief. On this matter we do not express an opinion. We simply say the record does not support the action as now conceived. Plaintiffs’ counsel, who appears in this court, has evidently recognized the difficulty with the case, and has suggested for our consideration but two errors. One of these is *180 based on a rejection of testimony. One witness was produced who was asked respecting the value of some of the property which was included in the sale. The court excluded this evidence, and the ruling is assigned as error. There are two reasons' why the objection was well based. One is, the witness had not shown himself competent to testify on the subject-matter inquired about, and the second is the plaintiffs gave testimony about it, and the defendant offered nothing per contra. Had the evidence been admissible, no harm came to the plaintiffs by reason of its rejection. The other error is based on the giving of an instruction which proceeded on the theory that this suit could not be maintained if the jury found, as a matter of fact, that the plaintiffs, remained in possession of the property which they bought and the hotel, without offering to surrender or cancel the contract which had been made. The instruction probably ought to have been modified by the insertion of some limitations which the law affixes to the right to rescind, and it would probably have beén wise to have explained the difference between a rescission based on fraud and one which rests on a failure of consideration. Even though the instruction may be conceded to be defective, it would not operate to reverse the judgment. The plaintiffs were not entitled to any instruction regarding a rescission of contract, or one respecting the right to rescind an agreement, because of the failure of consideration. Their action was not properly conceived with reference to either proposition. They were not entitled to recover upon the case as made, and an erroneous instruction will not therefore compel us to overturn the judgment.
We perceive no error in the record which compels us to disturb the judgment, and it will accordingly be affirmed.